2310

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK DUNCAN,<br>    Petitioner, | Civil Action No. 7:05-cv-00432 |
| v. | **MEMORANDUM OPINION & ORDER** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Jackson L. Kiser<br>Senior United States District Judge |

This matter is before the court upon petitioner Mark Duncan's motion for reconsideration of his motion to modify his term of imprisonment. On July 6, 2005, petitioner filed a motion which the court construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. On August 8, 2005 an order was entered in this case dismissing his petition without prejudice as successive.

Court records indicate that petitioner has previously filed a §2255 motion, Civil Action No. 7:99cv00134, regarding the same conviction and/or sentence. Thus, petitioner's §2255 motion was a subsequent one, falling under the provisions of the recent amendments to federal habeas statutes regarding subsequent or successive §2255 motions. See Title I, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Petitioner was advised that, under these amendments, this court may consider a second or successive §2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. As petitioner had not submitted any evidence of such certification by the Court of Appeals, his motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255 was dismissed without prejudice.

Petitioner now brings this present motion in which he seeks to have this court reconsider its

August 8, 2005 order dismissing his petition as successive. Petitioner argues that his petition is properly considered as a Rule 60(b) motion and thus, should not have been dismissed as successive. In that petition he argues that "based on new Supreme Court rulings regarding enhancements" to deny his petition as successive is a "miscarriage of justice." However, the Supreme Court of the United States has held that a Rule 60(b) motion which contends that a subsequent change in substantive law is a 'reason justifying relief,' no matter how labeled, "is in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 125 S.Ct. 2641, 2647 (2005). As Duncan's petition clearly challenges the constitutionality of his conviction based on substantive law changes regarding sentence enhancements, it clearly falls within the provisions of the Supreme Court's ruling, and was properly considered as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

Inasmuch as petitioner does not present any new evidence to support his motion, and given that he presents no evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition, it is hereby

**ORDERED**

that petitioner's motion for reconsideration shall be and hereby is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this order to petitioner.

ENTER: This 12Th day of August, 2005.

_____
Senior U.S. District Judge

2